BENSON WOOD, ADMINISTRATOR,

v.

ILLINOIS CENTRAL RAILROAD COMPANY.

*Practice—When Court Should not Withdraw Case from Jury—Action for Damages for Death of Employe of Defendant—Defective Lamp.*

1. It is a question of law whether there is any evidence tending to prove a material allegation, and a question of fact whether a given amount of evidence is reasonably sufficient to sustain such allegation. The former is a question for the court, the latter for the jury.

2. Where there is some evidence tending to prove the issue, the court should not take the case from the jury unless it is wholly insufficient, considering all it proves or tends to prove, to support the plaintiff's alleged cause of action.

3. In an action to recover statutory damages for the death of the plaintiff's intestate, an employe of the defendant, this court holds, upon a review of the evidence as to whether a lamp, the explosion of which caused the death of said intestate, was defective, that the court below improperly instructed the jury to find for the defendant.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Effingham County; the Hon. WILLIAM C. JONES, Judge, presiding.

In connection with this case, on the question of directing a verdict for the defendant, see the following case of *Knight* v. *Gaultney.*

Messrs. WOOD BROTHERS, for plaintiff in error.

Where there is evidence upon which a verdict might rest, an instruction to find for defendant should be refused. L. S. & M. S. Ry. Co. v. O'Conner, 115 Ill. 254, 261.

If the evidence tends to prove the issue, it is error to exclude it, although it might not be satisfactory to the court. This, in effect, would be an instruction as in case of non-suit—a practice looked upon with disfavor, and not permitted where the weight of evidence is to be considered and estimated. Crowly v. Crowly, 80 Ill. 469; Smith v. Gillett, 50 Ill. 290, 300; Ladd v. Pigott, 114 Ill. 647; Holmes v. C. & A. R. R. Co., 94 Ill. 439, 444; People v. Nedrow, 16 Ill. App. 192.

Motions to instruct the jury to find for defendant are in the nature of demurrers to evidence. They admit not only all the testimony proves, but all it tends to prove. To authorize the court to take a case from the jury the facts must be undisputed. Frazer v. Howe, 106 Ill. 563, 573; Penn. Co. v. Conlon, 101 Ill. 93, 106; Park v. Ross, 11 How. 362; Doane v. Lockwood, 115 Ill. 490; Crowe v. People, 92 Ill. 231; E. St. Louis v. O'Flynn, 119 Ill. 200.

It is the duty of employers to furnish to employes suitable and reasonably safe materials and machinery. A failure or neglect to do this is negligence. C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492.

The master is liable for injuries to the servant from latent defects in machinery which are known, or ought to have been known, to the master, and of which the servant is ignorant. Wood's Master and Servant, 721; Cooley on Torts, 556.

The evidence shows that deceased at the time of the accident

was using due care.   C., B. & Q. R. R. Co. v. Gregory, 58 Ill.
272, 279;  Whalen v. I. & St. L. R. R. Co., 16 Ill. App. 320.

Messrs. GREEN & GILBERT, for defendant in error.

Employers do not warrant the safety of implements placed
in the hands of employes.   T., P. & W. R. R. Co. v. Conroy
61 Ill. 162;  C., C. & I. C. R'y Co. v. Troesch, 68 Ill. 545;
Schooner Norway v. Jensen, 52 Ill. 272;  Noyes v. Smith, 28
Vermont, 59;  O'Donnell v. A. V. R. R. Co., 59 Pa. 239;
Wright v. N. Y. C. R. R. Co., 25 N. Y. 262.

The facts in evidence show the bursting of the lamp was
probably one of those unavoidable accidents for which no one
is to blame.   If fault can intelligently be located upon any
one, it must be upon Ford, when he attempted to force the
lamp to burn when it got out of repair.   There is no proof the
lamp had ever leaked.   There is not a word of testimony
showing, or tending to show, any defect in the lamp of any
kind.   During the two and a half days immediately preceding
the explosion, the lamp had been handled by Ford, and he and
his fellow servant, Meara, alone had used it.   An hour before
the accident Meara had filled the lamp, and at the instant of
the explosion Ford was pumping air into it.   There is no
proof that defendant knew of any defect in the lamp.   The
person most likely to know of such defect, if any existed,
was Ford; and if he had such knowledge it was his duty to
report it to defendant.·   There are no facts in evidence from
which any legitimate conclusion as to the existence of defects
can be drawn.   Constant use of the lamp during two days and
a half is *prima facie* evidence of its soundness.   And Snow,
a witness for plaintiff, testified as far as human eye could see
or human judgment could know, the lamp was sound.   C. &
A. R. R. Co. v. Platt, 89 Ill. 141.

It was the duty of Ford, who, as appears in the evidence,
was the special custodian and handler of the lamp, to report to
defendant that it had got out of repair; and while neglecting
that duty it can not be truthfully said he was exercising due
care and caution.   T., W. & W. R'y Co. v. Eddy, 72 Ill. 138;
I. C. R. R. Co. v. Jewell, 46 Ill. 99.

There is no error in excluding all of the plaintiff's evidence when, construing it most strongly in his favor, it fails to make out a right to recover. Poleman v. Johnson, 84 Ill. 269; Marten v. Chambers, 84 Ill. 579.

"Where the whole evidence introduced by the plaintiff, if believed by the jury, is so insufficient to support a verdict that the court would not permit one to stand, it is the duty of the court to instruct the jury, as matter of law, that there is not sufficient evidence to warrant a verdict for the plaintiff." Phillips v. Dickerson, 85 Ill. 11. See also, Holmes v. C. & A. R. R. Co., 94 Ill. 439, 444; Frazer v. Howe, 106 Ill. 573; Simmons v. C. & T. R. R. Co., 110 Ill. 340; Abend v. T., H. & I. R. R. Co., 111 Ill. 202; Alexander v. Cunningham, 111 Ill. 511; L. S. & M. S. R. R. Co. v. O'Conner, 115 Ill. 254, 261; Pleasants v. Fants, 22 Wall. 120; Randall v. B. & O. R. R. Co., 109 U. S. 478; Railroad Co. v. Jones, 95 U. S. 439; Reed v. Inhabitants of D., 8 Allen, 524; Skellenberger v. C. & N. R'y Co., 61 Iowa, 714.

GREEN, J. This suit was brought by plaintiff in error as administrator, to recover damages under the statute for the death of his intestate, averred in the declaration to have been caused by the negligence of defendant. At the trial below, after plaintiff had introduced all his evidence, on the motion of defendant the court instructed the jury that there was no evidence to sustain the declaration, and to find defendants not guilty. The jury so found; the court overruled plaintiff's motion for a new trial, rendered judgment on the verdict for defendant, and thereupon plaintiff sued out this writ of error.

Giving the jury the instruction mentioned is assigned for error, and if well assigned is sufficient to reverse the judgment and dispenses with the necessity of considering the other errors assigned.

We think plaintiff's evidence tended to prove the material averments of the declaration charging the defendant with negligence in failing to supply deceased with a reasonably safe lamp, to be used by him in his employment for defendant, and in furnishing him with a defective, unsafe and defectively

repaired lamp, to be so used by him, which, when so used with
reasonable care by deceased, in such employment, and without
knowledge by him of its unsafe and defective condition, by
reason thereof exploded, and thereby so injured him as to
cause his death. Without going into details, the substance of
some of this evidence is as follows: Snow, the master mechanic
of defendant, testified he had procured two copper naphtha
lamps (one of which is the exploded lamp), to be used in
removing old paint from cars, operated with an air pump,
whereby gas was generated, and when ignited at the spout of
the lamp produced a hot flame which, applied to the old
paint, softened it so it could be readily scraped off; that
defendant had at the same time kerosene lamps, used for
the same purpose; that witness had been subpœnaed to bring
with him the exploded lamp (which was in possession of
defendant), but failed to do so, and brought the other copper
lamp, which he exhibited to the jury and explained its con-
struction and use, and testified, *it was just like the exploded
lamp*, except the one exhibited was soldered *and the other was
not;* that he told the men not to take lamp exhibited, *because
it leaked*, but to bring out the other; that the lamp exhibited
was soldered *to strengthen it.* Truesdale, brother-in-law of
deceased, testified he saw both naphtha lamps after the accident.
The exploded one was bursted one-third of the way around
the bottom; the bottom bursted down and gaped open; the
edge was torn to within a quarter inch of where solder ran ;
had been soldered one-fourth inch further on each side than
the rent extended; solder did not extend entirely around; soft
solder had been used; it is not one-tenth as strong as hard
solder; will melt quicker in a flame.

The cause of explosion was a small quantity of gas escaped
from the lamp where it was soldered, which immediately
ignited from the flame and caused an explosion ; soft solder
not sufficient to prevent escape of gas or naphtha ; there is
not likely to be any soft solder without a leak in it; had
had experience of nine years in jewelry business, using both
hard and soft solder. Soft solder would not be as good
material as hard to repair leaks of this kind. Gas hot enough
to make an explosion would melt soft solder.

Colbert, employe of defendant, testified the exploded lamp was torn on left side, bottom bulged down; it was opened along bottom rim of lamp. Simmons, another employe, testified he saw lamp fifteen minutes after explosion; the edge had the appearance of having been soldered like one shown the jury; edges of the tear were smooth; the bottom and the sides did not appear to be the same piece of metal, but separate pieces put together with solder; Snow was the man in authority.

Mear testified, he was at work with Ford when lamp exploded. He scraped off paint; Ford worked the pump attached to the lamp at the time of the explosion; *was working the pump just the way he had been pumping;* lamp worked well for two days and a half; did not work so well on the afternoon of third day (afternoon lamp exploded); required pumping more; flame did not burn effectively; nothing the matter only lamp did not burn freely. It was also shown how deceased was injured, the character and extent of his injuries, his death, and that he left his mother and two sisters surviving; also that he had worked for defendant six weeks prior to his death, but had been at work with the lamp but two days preceding the day he was injured.

This evidence was all pertinent to the issue and the jury should have been permitted to consider it and with the information given them by it and such other evidence as might be before them, find a verdict upon the issue of fact submitted to them.

The rules of law applicable in this case are well understood and established. It is a question of law whether there is *any* evidence tending to prove a material allegation, and a question of fact whether a given amount of evidence is reasonably sufficient to sustain such allegation. The former is a question for the court, the latter for a jury, subject to the revision of the court on a motion for a new trial. We do not wish to be understood as holding the doctrine that a mere scintilla of evidence for plaintiff is sufficient to require the trial court to submit the cause to the jury, but the province of a jury to weigh the evidence and by it to determine the issue of fact they are sworn to try ought not to be invaded by the court,

unless where there is no evidence, or where some evidence is introduced, and considering all it proves or tends to prove, it is wholly insufficient to support plaintiff's alleged cause of action. Tested by these rules we think the court erred in instructing the jury as it did, and the judgment will be reversed and cause remanded.

*Reversed and remanded.*